# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

PAUL HARDAWAY and JACQUELINE HARDAWAY                                                  PLAINTIFFS

V.                                                                    NO. 3:17-CV-4-DMB-RP

LITTON LOAN SERVICING, LP;
OCWEN LOAN SERVICING LLC; and
RUSHMORE LOAN MANAGEMENT
SERVICES, INC.                                                                         DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This real estate foreclosure action is before the Court on: (1) Rushmore Loan Management Services, Inc.'s motions to dismiss, Doc. #4; Doc. #18; (2) Ocwen Loan Servicing LLC's motion to dismiss, Doc. #5; (3) Litton Loan Servicing, LP's motion to dismiss, Doc. #7; and (4) Paul Hardaway's motion for an extension of time to respond to the motions to dismiss, Doc. # 15.

## I
## Procedural History

On January 9, 2017, Paul and Jacqueline Hardaway, acting pro se, filed a "Complaint for Damages and Request for Temporary Injunction or Restraining Order against the Defendants," naming Litton Loan Servicing, LP, Ocwen Loan Servicing LLC, and Rushmore Loan Management Services, Inc. as defendants.[1] Doc. #1. The complaint alleges the defendants attempted to fraudulently foreclose on the Hardaways' home. *Id*. at ¶¶ 12–13.

On February 3, 2017, the defendants each filed a motion to dismiss for insufficient

---

[1] Only Paul initially signed the complaint although the printed names of both Paul and Jacqueline were listed below the signature line. On June 7, 2017, the Court ordered the Hardaways to either refile the complaint with both of their signatures or file a stipulation of dismissal as to Jacqueline pursuant to Federal Rule of Civil Procedure 41. Doc. #23. On June 16, 2017, the complaint was refiled with both of the Hardaways' signatures. Doc. #25.

service of process under Federal Rule of Civil Procedure 12(b)(5). Doc. #4; Doc. #5; Doc. #7. In their motions to dismiss, Ocwen and Litton also moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Doc. #5; Doc. #7. On March 20, 2017, based on the assertions of insufficient service of process in the motions to dismiss, United States Magistrate Judge Roy Percy stayed the case pending a ruling on the motions. Doc. #12.

On April 11, 2017, Paul filed proofs of service of the summons on Rushmore, Ocwen and Litton. Doc. #13. Each proof of service lists Paul as the server and states that the summons was served by "certified mail" on "Corporation Services Co. who is designated by law to accept service of process on behalf of … Corporation Services Co. on … 1/17/17." *Id*. The same day, Paul, without leave of the Court, filed a "First Amended Complaint for Damages and Request for Temporary Injunction or Restraining Order," Doc. #14; and a motion for an extension of time to respond to the defendants' motions to dismiss, Doc. #15.

On April 25, 2017, Ocwen and Litton filed a motion to strike the amended complaint as filed without leave. Doc. #17. Also on April 25, Rushmore filed a "Motion to Dismiss Pursuant to Rule 12(b)(5) and Rule 4(m) and Motion to Strike Pursuant to Rule 12(f)." Doc. #18. The same day, Rushmore filed an identical document as a separate motion to strike the amended complaint. Doc. #19.

On May 9, 2017, proofs of service were filed for each defendant.[2] Doc. #20. Each lists a third party as the server who "served the summons on … Angela Dees, who is designated by law to accept service of process on behalf of … Corporation Service Company on … 5-8-17." *Id*. To date, the defendants have not challenged the Hardaways' second method of service of process.

---

[2] It is unclear which complaint is associated with the May 9, 2017, proofs of service.

On May 30, 2017, Judge Percy granted the motions to strike the amended complaint. Doc. #22.[3] On June 16, 2017, Paul filed a "Motion for Leave to File Amended Complaint," stating that since the time of the original filing, "new information and facts have been discovered which requires the Original Complaint to be amended[, and] [t]hat the proposed Amended Complaint would articulate with specificity and clarity, that causes of action and the facts necessary to support causes of action." Doc. #26. Paul attached a copy of the proposed amended complaint to the motion. Doc. #26-1. The defendants opposed the motion for leave, arguing that the amendment would be futile. Doc. #27; Doc. #28. Judge Percy denied the motion to amend on July 21, 2017, because of the pending motions to dismiss. Doc. #29.

## II
## Analysis

Rushmore, Litton, and Ocwen have all moved to dismiss the Hardaways' initial complaint for insufficient service of process under Rule 12(b)(5).[4] In their motions, Ocwen and Litton also move to dismiss under Rule 12(b)(6). Doc. #5; Doc. #7. Rushmore's second motion to dismiss also includes a motion to dismiss pursuant to Rule 4(m) and a motion to strike pursuant to Rule 12(f). Doc. #18.

### A. Rushmore's Motion to Strike

As mentioned above, the Hardaways' amended complaint was stricken on May 30, 2017, on the motions of Ocwen, Litton, and Rushmore. To the extent Rushmore's second motion to dismiss, Doc. #18, includes a motion to strike the now stricken amended complaint, such request will be denied as moot.

---

[3] Judge Percy's order granted the motions to strike docketed as Documents #17 and #19.

[4] Because the Hardaway's refiling of the original complaint did not alter the complaint, there was "no need for the defendants to refile their pending motions to dismiss." Doc. # 23.

3

### B. Motions to Dismiss for Insufficient Service of Process

Federal Rule of Civil Procedure 12(b)(5) allows dismissal for insufficient service of process. "In the absence of valid service of process, proceedings against a party are void." *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981). "When service of process is challenged, the party on whose behalf it is made must bear the burden of establishing its validity." *Id*. "Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of a claim if service of process … was not properly served in the appropriate manner." *Thomas v. New Leaders for New Sch.*, 278 F.R.D. 347, 349–50 (E.D. La. 2011). However, "[a] district court has broad discretion to dismiss an action pursuant to Rule 12(b)(5) for insufficient service of process." *Perez v. City of New Orleans*, 173 F.Supp.3d 337, 345 (E.D. La. 2016).

In their respective motions to dismiss, the defendants argue, among other things, that Paul's attempt to effect service on January 17, 2017, was insufficient. "A return of service is prima facie evidence of the manner of service." *Flores v. Koster*, No. 3:11-cv-726, 2013 WL 4874115, at *2 (N.D. Tex. June 28, 2013) (internal citations omitted). The Federal Rules do not provide for personal service by a party. *See* Fed. R. Civ. P. 4(c)(2) ("Any person who is at least 18 years old and not a party may serve a summons and complaint."). There is no dispute that the defendants' initial summonses were originally served by Paul, a party in this action. *See* Doc. #13. Such service was therefore improper. However, for the reasons below, the Court, in the exercise of its discretion, declines to grant the requested dismissals.

### C. Rule 4(m)

Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve the summons and complaint on a defendant within 90 days of filing. Rule 4(m) states that if service is not made

4

within 90 days, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id*. Even if good cause is lacking, the court has discretionary power to extend time for service. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

The Hardaways' May 8, 2017, attempt to effect service is outside Rule 4(m)'s 90-day period. Therefore, the Court must first determine whether "good cause" exists for the Hardaways' failure to timely serve the defendants. *Id*. If "good cause" is shown, the Court must extend the time for service. *Id*. If the Hardaways fail to show "good cause," the Court has two choices—either dismiss the suit without prejudice, or extend the time for service. *Id*.

### 1. "Good cause"

The plaintiff bears the burden of showing good cause for failure to serve a defendant in accordance with Rule 4(m). *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988). Good cause is more than simple inadvertence, mistake or ignorance. *Winters v. Teledyne Movible Offshore, Inc*., 776 F.2d 1304, 1306 (5th Cir. 1985). "[S]ome showing of 'good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified' is normally required." *Id.* (quoting 10 Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1165 at 622). Good cause may be found where the plaintiff has acted with substantial diligence and good faith but fails to effect service because of some minor neglect. *In re Lenox Healthcare, Inc*., 319 B.R. 819, 822 (Bankr. D. Del. 2005). When the failure is due to the plaintiff's "inadvertence or half-hearted efforts," however, no good cause should be found. *Id*.

Here, each defendant promptly challenged the sufficiency of service. The Hardaways served process by mail on January 17, 2017, and each defendant filed motions to dismiss on February 3, 2017. The defendants' quick response gave the Hardaways over 60 days before the 90-day deadline expired to cure the defect; however, the Hardaways failed to take corrective action. They never asked the Court for an extension of time to serve process but, on April 11, 2017, sought an extension of time to respond to the defendants' motions to dismiss. In their motion for extension to respond, the Hardaways claimed that they were attempting to secure counsel and that while they "served the Defendants' agent for service of process via certified mail," they "have issued another summons for each Defendant and are delivering them to a private process server to be served personally." Doc. #15. The Hardaways ultimately did not attempt to effect service until May 8, 2017, almost a month later and nearly 120 days after filing their original complaint. This delay has not been explained by the Hardaways. Under these circumstances, the Hardaways have failed to establish good cause.

## 2. Court's discretion

Having determined the Hardaways have not demonstrated good cause for their delay in service, the Court next must decide whether to extend the time for service or dismiss the case without prejudice.

As stated above, when good cause to timely serve a party is lacking, it is a matter for the Court's discretion to either extend the time for service or dismiss without prejudice. "In exercising this discretion a plaintiff's pro se status and good faith attempt to obtain service are relevant factors." *Monroe v. Tex. Util. Co.*, 2002 WL 413866, at *2–3 (N.D. Tex. Mar. 11, 2002) (granting opportunity to effect proper service where pro se plaintiff made good faith but misguided effort to serve defendant and determining plaintiff should receive assistance with

effecting proper service to avoid further delays and unnecessary expense).

The Hardaways are pro se plaintiffs who attempted to re-serve the defendants a month after the time permitted to do so under Rule 4(m) had expired. Because this case has been pending since January 2017, an extension to effect service would avoid further delay and the unnecessary expenses of having the Hardaways reassert their claims in a separate action if dismissal without prejudice was granted. Indeed, the Hardaways' May 8, 2017, service may have been proper notwithstanding that it was outside Rule 4(m)'s prescribed time limit.[5] For all such reasons, the Court will exercise its discretion to extend the time for effecting service of process to fourteen days after the filing date of this order. The defendants' motions to dismiss under Rules 12(b)(5) will be denied.[6]

### D. Rule 12(b)(6)

Because the Hardaways will be granted additional time to serve the defendants, Litton's and Ocwen's motions to dismiss for failure to state a claim will be denied without prejudice to re-filing following proper service, if any.

### E. Motion for Extension

Having determined the motions to dismiss will be denied, the Hardaways' motion to extend the deadlines to respond to the motions to dismiss, Doc. #15, will be denied as moot.

---

[5] The Federal Rules provide for service by a third party by delivering a copy of the summons and complaint to an agent of a defendant authorized to accept service on the defendant's behalf. *See* Fed. R. Civ. P. 4(h)(B) (corporation, partnership or association may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process"). The May 9 proofs of service indicate that each summons was served on "Angela Dees, who is designated by law to accept service of process on behalf of … Corporation Service Company." Doc. #20. Because the Hardaways did not respond to the motion to dismiss, they have not explained or established what connection, if any, there is between each defendant and "Angela Dees … on behalf of … Corporation Service Company." Additionally, because the summonses were issued on the same day the Hardaways filed their now-stricken amended complaint, it is unclear whether the Hardaways served the defendants with the original complaint or the amended complaint.

[6] The defendants may challenge any later attempt at service by the Hardaways as allowed under the Federal Rules of Civil Procedure.

# III
## Conclusion

For the reasons above:

1.	Rushmore's motions to dismiss [4][18] are **DENIED**. To the extent Rushmore's motion to dismiss includes a motion to strike, the motion to strike is denied as moot.

2.	Litton's motion to dismiss [7] and Ocwen's motion to dismiss [5] are **DENIED**.[7]

3.	The time for the Hardaways to effect service of process is **EXTENDED** to October 11, 2017.

4.	The Hardaways' motion for extension [15] is **DENIED as moot**.

**SO ORDERED**, this 27th day of September, 2017.

**/s/Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**

---

[7] To the extent the motions seek dismissal under Rule 12(b)(6), they are denied without prejudice.