IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**PAUL HARDAWAY and JACQUELINE HARDAWAY**                                                 **PLAINTIFFS**

**V.**                                                                                    **NO. 3:17-CV-4-DMB-RP**

**LITTON LOAN SERVICING, LP;
OCWEN LOAN SERVICING, LLC; and
RUSHMORE LOAN MANAGEMENT
SERVICES, INC.**                                                                          **DEFENDANTS**

## OPINION AND ORDER

This real estate foreclosure action is before the Court on the defendants' separate motions to dismiss. Doc. #35; Doc. #37; Doc. #39.

**I
Procedural Background**

On January 9, 2017, pro se plaintiffs Paul and Jacqueline Hardaway filed a "Complaint for Damages and Request for Temporary Injunction or Restraining Order," naming as defendants Litton Loan Servicing, LP, Ocwen Loan Servicing, LLC, and Rushmore Loan Management Services, Inc. Doc. #1. While the complaint purported to be filed by both Paul and Jacqueline, it was signed only by Paul. *Id*. at 5. On February 3, 2017, each of the defendants moved to dismiss the complaint for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5).[1]

On April 11, 2017, the Hardaways filed proofs of service of the summonses on the defendants.[2] Doc. #13. The same day, without leave of the Court, the Hardaways filed a "First

---

[1] Doc. #4; Doc. #5; Doc. #7. Ocwen and Litton also moved to dismiss the complaint for failure to state a claim. Doc. #5 at 1; Doc. #7 at 1.

[2] Each proof of service listed Paul as the server and states that the summonses were served by "certified mail" on "Corporation Services Co. who is designated by law to accept service of process on behalf of Corporation Services Co. on … 1/17/17." Doc. #13.

Amended Complaint for Damages and Request for Temporary Injunction or Restraining Order." Doc. #14. On April 25, 2017, Ocwen and Litton filed a joint motion to strike the amended complaint. Doc. #17. Rushmore filed a motion to dismiss the amended complaint, Doc. #18, and a motion to strike it, Doc. #19. On May 9, 2017, the Hardaways filed proofs of service of summonses on the defendants.[3] Doc. #20. On May 30, 2017, United States Magistrate Judge Roy Percy granted the defendants' motions to strike the amended complaint. Doc. #22. Having struck the amended complaint, Judge Percy noted that "Plaintiffs' Complaint (Docket 1) will remain the active Complaint." *Id*.

Because the original complaint was signed only by Paul, this Court, on June 7, 2017, ordered the Hardaways to re-file the original complaint with both of their signatures or to file a stipulation of dismissal as to Jacqueline.[4] Doc. #23. On June 16, 2017, the Hardaways re-filed the complaint with both of their signatures. Doc. #25. That same day, the Hardaways also filed a motion for leave to amend their complaint, Doc. #26, attaching as an exhibit a proposed amended complaint, Doc. #26-1. Judge Percy denied the Hardaways' motion for leave to amend on July 21, 2017. Doc. #29.

By order issued September 27, 2017, this Court, among other things, denied the defendants' motions to dismiss and afforded the Hardaways fourteen days to effect proper service of process on the defendants.[5] Doc. #30. Summonses were reissued on October 10, 2017, Doc. #31, and served on the defendants on October 11, 2017, Doc. #32. On November 1, 2017, Ocwen moved

---

[3] It is unclear from the May 9, 2017, proofs of service which complaint is associated with them.

[4] The June 7 order, issued sua sponte, made clear that "[t]he plaintiffs are cautioned that such re-filed complaint may only be modified to add Jacqueline's signature. This order is not, and should not be interpreted as, authority to alter the complaint in any other way." Doc. #23 at 2 n.3.

[5] In the September 27 order, the Court denied without prejudice Ocwen and Litton's motions to dismiss for failure to state a claim, and provided that the "defendants may challenge any later attempt at service by the Hardaways as allowed under the Federal Rules of Civil Procedure." Doc. #30 at 7 n.6.

to dismiss under Rules 12(b)(5) and (6), Doc. #35; Litton moved to dismiss under Rules 12(b)(5) and (6), Doc. #37; and Rushmore moved to dismiss under Rules 4(m) and 12(b)(5), Doc. #39. The Hardaways did not respond to any of the motions to dismiss.

## II
## Analysis

All of the defendants argue that dismissal is warranted under Rule 12(b)(5) because the Hardaways failed to serve on them the active complaint. Doc. #35 at 1; Doc. #37 at 1; Doc. #39 at 1–2.

"'When service of process is challenged, the serving party bears the burden of proving its validity or good cause' for failing properly to effect service." *Shabazz v. City of Hous.*, 513 F. App'x 263, 264 (5th Cir. 2013) (quoting *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990). "The general rule is that a signed return of service constitutes prima facie evidence of valid service, which can only be overcome by strong and convincing evidence." *People's United Equip. Fin. Corp. v. Hartman*, 447 F. App'x 522, 524 (5th Cir. 2011) (alterations and quotation marks omitted).

In support of their argument that service of process was insufficient, the defendants attached as exhibits to their respective motions a copy of what the Hardaways served them on October 11, 2017. These exhibits show that the Hardaways attached two complaints to the summonses—the original complaint, which was superseded by the June 16 complaint, and the proposed amended complaint, which was never accepted for filing.[6] Doc. #35-3; Doc. #37-3; Doc.

---

[6] The defendants interpret being served with the two complaints differently. Rushmore argues that it was served with two invalid complaints. Doc. #39 at 2. Ocwen and Litton contend they were served with the proposed amended complaint, which merely incorporated by reference the original complaint. Doc. #36 at 5; Doc. #38 at 5. The proposed amended complaint does incorporate by reference the original complaint. Doc. #26-1 at 2. However, because the proposed amended complaint the Hardaways filed as an exhibit to their motion for leave to amend did not include a copy of the original complaint, the Court construes the October 11 service as an attempt to serve the proposed amended

3

#39-1. Because the Hardaways did not respond to the motions to dismiss, they have presented no evidence to dispute the content of these exhibits or to explain why they did not serve the active complaint on the defendants.

"Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of a claim if service of process was not timely made in accordance with Federal Rule of Civil Procedure 4 or was not properly served in the appropriate manner." *Thomas v. New Leaders for New Sch.*, 278 F.R.D. 347, 349–50 (E.D. La. 2011). Rule 4 provides, in pertinent part, "A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed …." Fed. R. Civ. P. 4(c)(1). Under this rule, "[t]he currently effective complaint must accompany summons. If the original complaint has been superseded by an amended complaint, service is ineffective if the original (rather than the amended) complaint is served." *Morris v. Barra*, No. 10-cv-2642, 2014 WL 29721, at *17 (S.D. Cal. Jan. 3, 2014). Accordingly, by failing to serve the active complaint on the defendants, the Hardaways failed to effect proper service of process.[7]

"A district court … has broad discretion to dismiss an action for ineffective service of

---

complaint and the original complaint. For the reasons discussed below, because neither complaint was the active complaint, the result is the same for both complaints.

[7] As explained above, the original complaint suffered from a technical defect in that it was signed only by Paul. The Fifth Circuit appears to have not directly addressed whether such a defect can be overlooked. The Fifth Circuit has, however, found sufficient a spouse's signature for another spouse when "interests of justice require" otherwise. *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir. 1976). Here, the Hardaways have not attempted to argue that Paul's signature should suffice for Jacqueline as well. Moreover, the Hardaways have been afforded numerous opportunities to perfect service. Their initial service was insufficient because Paul personally served the defendants, *see* Doc. #30 at 4; their second attempt was untimely under Rule 4, *id.* at 5; and in their most recent attempt, as explained above, they did not serve the active complaint. Under these circumstances, the Court is not inclined to overlook Rule 4 and treat the original complaint as sufficiently served. *See Ostler v. Utah*, 105 F. App'x 232, 234 (10th Cir. 2004) ("While we construe the complaints of pro se litigants liberally, a pro se litigant is still obligated to follow the requirements of Fed. R. Civ. P. 4.") (quotation marks, citation, and alteration omitted); *Thibeaux v. Tobias*, 61 F. App'x 918, 2003 WL 1103576, at *1 (5th Cir. 2003) (unpublished table decision) ("Special consideration does not exist for *pro se* litigants who fail to comply with the service requirements of Rule 4."); *Jones v. Smith*, No. 1:10-cv-568, 2012 WL 726665, at *2 (W.D. Mich. Feb. 1, 2012) ("as soon as Plaintiff's Amended Complaint was accepted for filing, his original complaint became a 'nullity' having been superceded by his amended complaint").

process …." *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994). Because the Hardaways failed to sufficiently serve process on the defendants yet again—and also failed to respond to the motions to dismiss, seek time to cure service, or explain the ineffective service—the Court finds that their claims against the defendants should be dismissed without prejudice under Federal Rule of Civil Procedure 12(b)(5). *See Benjamin v. Grosnick*, 999 F.2d 590, 592–93 (1st Cir. 1993) (dismissal proper because defendant was served wrong complaint).

### III
### Conclusion

The defendants' motions to dismiss [35][37][39] are **GRANTED** and the Hardaways' claims are **DISMISSED without prejudice**. A separate judgment will be issued.

**SO ORDERED**, this 17th day of September, 2018.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**