# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

| | |
|---|---|
| PAUL HARDAWAY and JACQUELINE HARDAWAY | PLAINTIFFS |
| V. | NO. 3:17-CV-4-DMB-RP |
| LITTON LOAN SERVICING, LP; OCWEN LOAN SERVICING LLC; and RUSHMORE LOAN MANAGEMENT SERVICES, INC. | DEFENDANTS |

## ORDER

Before the Court are "Plaintiff's Motion for Relief from Judgment or Order" and a "Motion for Extension to File Memorandum in Support of Motion for Relief from Judgment or Order." Docs. #43, #44.

## I
## Procedural History

On January 9, 2017, pro se plaintiffs Paul and Jacqueline Hardaway filed a "Complaint for Damages and Request for Temporary Injunction or Restraining Order," naming as defendants Litton Loan Servicing, LP, Ocwen Loan Servicing LLC, and Rushmore Loan Management Services, Inc. Doc. #1. While the complaint was purportedly filed by both Paul and Jacqueline, it was signed only by Paul. *See id.* at 5. On February 3, 2017, each defendant moved to dismiss the complaint for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5).[1] Docs. #4, #5, #7.

---

[1] Ocwen and Litton also moved to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Doc. #5 at 1; Doc. #7 at 1.

On April 11, 2017, the Hardaways filed proofs of service of summonses on the defendants.[2] Doc. #13. The same day, without leave of the Court, the Hardaways filed a "First Amended Complaint for Damages and Request for Temporary Injunction or Restraining Order." Doc. #14. On April 25, 2017, Ocwen and Litton filed a joint motion to strike the amended complaint; and Rushmore filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(5) and 4(m), and a motion to strike the amended complaint. Docs. #17, #18, #19. On May 9, 2017, the Hardaways filed proofs of service of summonses on the defendants.[3] Doc. #20. On May 30, 2017, United States Magistrate Judge Roy Percy granted the motions to strike the amended complaint for failure to comply with Federal Rule of Civil Procedure 15, leaving the original complaint as the "active" complaint. Doc. #22 at 1.

Because the original complaint was signed only by Paul, on June 7, 2017, this Court ordered the Hardaways to re-file the original complaint with both of their signatures or to file a stipulation of dismissal as to Jacqueline. Doc. #23 at 2. On June 16, 2017, the Hardaways re-filed the complaint with both of their signatures. Doc. #25 at 6. The same day, the Hardaways also filed a motion for leave to file an amended complaint, Doc. #26, attaching the proposed amended complaint as an exhibit, Doc. #26-1. The defendants filed responses opposing the motion for leave to amend. Docs. #27, #28. Judge Percy denied the Hardaways' motion for leave to file an amended complaint on July 21, 2017. Doc. #29.

By memorandum opinion and order issued September 27, 2017, this Court, among other things, denied the defendants' motions to dismiss and afforded the Hardaways fourteen additional

---

[2] Each proof of service lists Paul as the server and states that the summonses were served by "certified mail" on "Corporation Services Co., who is designated by law to accept service of process on behalf of Corporation Services Co. on … 1/17/17." Doc. #13 at 2, 4, 6.

[3] It is unclear from the May 9, 2017, proofs of service which complaint is associated with them. Each proof of service lists Charles Lindsay as the server and states that the summonses were served on Angela Dees "who is designated by law to accept service of process on behalf of Corporation Service Company on … 5-18-17." Doc. #20 at 2, 4, 6.

days to effect proper service of process on the defendants. Doc. #30 at 8. Summonses were reissued on October 10, 2017, and served on the defendants the next day. Doc. #31; Doc. #32 at 2, 4, 6.

On November 1, 2017, Ocwen moved to dismiss under Rules 12(b)(5) and (b)(6), Doc. #35; Litton moved to dismiss under Rules 12(b)(5) and (b)(6), Doc. #37; and Rushmore moved to dismiss under Rules 4(m) and 12(b)(5), Doc. #39. The Hardaways did not respond to any of the motions to dismiss.

On September 17, 2018, the Court issued an opinion and a final judgment dismissing the Hardaways' case without prejudice under Rule 12(b)(5) for failing to sufficiently serve process on Litton, Ocwen, and Rushmore. Docs. #41, #42. On October 15, 2018, the Hardaways filed "Plaintiff's Motion for Relief from Judgment or Order" and a "Motion for Extension to File Memorandum in Support of Motion for Relief from Judgment or Order." Docs. #43, #44. Two weeks later, Rushmore filed a response opposing the motion for relief, which Litton and Ocwen joined the same day. Docs. #45, #46. The Hardaways did not reply.

**II**
**Discussion**

In their motion for relief, the Hardaways, "pursuant to Rule 60 of the Federal Rules of Civil Procedure," ask the Court to grant them relief from the order dismissing their case and "allow this matter to proceed on its merits." Doc. #43 at 1–2. In their motion for extension, representing that they "have since found an attorney to assist [them] with [their] case," the Hardaways seek "an additional thirty (20) [sic] days" to "allow … their newly acquired attorneys to file the Memorandum" in support of their motion for relief. Doc. #44 at 1–2.

As an initial matter, no attorney has appeared in this case on the Hardaways' behalf. Moreover, the extension date requested by the Hardaways to file a memorandum in support of

3

their motion for relief has passed with no memorandum filed. The Hardaways' motion for extension will therefore be denied as moot.

In their motion for relief, the Hardaways do not specify under which section of Rule 60 they seek relief—they simply assert that "there is sufficient evidence that the Defendants were served" and that "the law supports a finding that the Defendants were properly served." Doc. #43 at 1. Significantly, the Hardaways have submitted no evidence to support their bald assertion that they are entitled to Rule 60 relief or that the defendants were properly served. And, in the absence of a memorandum brief with argument and authorities supporting their position or a reply to the defendants' response, the Court is left with no basis to grant the Hardaways' relief from the order (and judgment) dismissing their case without prejudice. Accordingly, their motion for relief will be denied.[4]

### III
### Conclusion

The Hardaways' "Motion for Extension to File Memorandum in Support of Motion for Relief from Judgment or Order" [44] is **DENIED as moot**. "Plaintiff's Motion for Relief from Judgment or Order" [43] is **DENIED**.

**SO ORDERED**, this 15th day of January, 2019.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[4] Under the Court's local rules, the motion for relief may be denied based on the Hardaways' failure to submit a memorandum brief. *See* L.U. Civ. R. 7(b)(4) ("At the time the motion is served … movant must file a brief in support of the motion;" "[f]ailure to timely submit the required motion documents may result in the denial of the motion."). Notably, the defendants did not file a memorandum brief in support of the response to the motion for relief. Though the last paragraph of the response "requests relief from the rules' requirement of a separate memorandum," such request is improperly made in a response. Doc. #45 at 4; *see* L.U. Civ. R. 7(b)(3)(C) ("A response to a motion may not include a counter-motion in the same document. Any motion must be an item docketed separately from a response."). Consequently, the response also fails to comply with the local rules. *See* L.U. Civ. R. 7(b)(4) ("respondent must … file a response and memorandum brief in support of the response.").